# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.S.

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0748 (Taylor County 15-JA-27)

## MEMORANDUM DECISION

Petitioner Father C.A., by counsel Kevin T. Tipton, appeals the Circuit Court of Taylor County's September 13, 2016, order terminating his parental rights to two-year-old S.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in conducting the dispositional hearing without his presence and that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

In May of 2015, the DHHR received a referral that four-year-old A.B.[3] was observed with multiple bruises in various stages of healing on his body. Specifically, A.B. had a large bruise on his buttock, a bruise extending across his waist band, and bruises on both sides of his face and his right ear. Petitioner maintains that the bruising was a result of one of A.B.'s medications. The following month, a pediatrician tested A.B.'s blood and determined that, while his iron was low, iron deficiency would not cause "easy bruising." A hematologist performed additional testing. While the results indicated that A.B. had a "Mild Factor 12 Deficiency," the hematologist concluded this would not result in "easy bruising." During the investigation, petitioner denied any physical abuse despite the fact that A.B. told CPS workers that "[petitioner] whipped me." Based upon these unexplained injuries, the DHHR filed a petition for abuse and neglect against petitioner alleging that he failed to protect his child on June 17, 2015. During the preliminary hearing, the circuit court heard testimony that S.S. was visiting with petitioner, and that he had shared custody of S.S. Furthermore, by order entered on September 14, 2015, the circuit court transferred "full care, custody, and control" of S.S. to her biological mother.

Thereafter, the circuit court held two adjudicatory hearings during which several witnesses testified. The child's doctor testified that A.B.'s test results for "easy bruising" were negative and that A.B.'s low iron levels would not contribute to "easy bruising." Furthermore, the doctor testified that A.B.'s bruises were not the result of a side effect of A.B.'s medication. Based upon these test results and the lack of plausible explanation for A.B.'s injuries, the doctor was concerned that A.B. was being physically abused. A DHHR worker testified that A.B. indicated that petitioner "whipped" him. Despite all the testimony to the contrary, petitioner maintained that he did not physically harm A.B. and failed to provide a plausible explanation for A.B.'s injuries. After considering the testimony, the circuit court adjudicated petitioner as an abusing parent, by order entered on February 4, 2016.

The circuit court held a dispositional hearing. Petitioner was incarcerated for grand larceny. After considering the parties arguments, the circuit court terminated petitioner's parental rights by order entered on September 13, 2016.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

_____

[3] S.S. is petitioner's biological child and is the subject of this case. Petitioner was also the custodian of A.B. The circuit court terminated petitioner's custodial rights to A.B.

[4] According to the DHHR, as of the filing of their response brief, the child was placed with her biological mother with a permanency plan to remain in her care.

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative. We disagree. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when ""[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Further, this Court has explained that incarceration may form the basis for a termination of parental rights. Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875.

In this case, we agree that the circuit court did not make a specific finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. However, upon a review of the record and the specific facts of this case, petitioner could not complete or participate in any of the terms of an improvement period because of his continued incarceration for grand larceny. For these reasons we find no error.

Related to this assignment of error, petitioner contends that there was no evidence presented below that S.S. would be harmed or threatened by petitioner. We disagree. West Virginia Code § 49-1-201 provides that an ""abused child' means a child whose health or welfare is being harmed or threatened by a parent . . . who knowing or intentionally inflicts . . . physical injury . . . upon the child or another child in the home." Furthermore, this Court has stated that, "there need not be a showing by the [DHHR] that each child in the home is directly abused . . . before termination of parental rights is sought." *In re Christina L.*, 194 W.Va. 446,452, 460 S.E.2d 692, 698 (1995). The circuit court was presented with evidence that S.S. resided in the same residence as A.B., when he suffered extensive physical abuse by petitioner. Further, petitioner maintained that A.B. self-inflicted some of his injuries and that the bruising was the result of a medical condition despite the testimony of multiple witnesses that A.B. did not have a medical condition that would result in "easy bruising." Furthermore, the circuit court heard evidence that petitioner "whipped" A.B. For these reasons, termination of petitioner's parental rights to S.S. was not error because S.S. was in the same residence while A.B. was being physically abused.

Lastly, petitioner argues that the circuit court erred in holding the dispositional hearing without him being present at the hearing while he was incarcerated. "Whether an incarcerated parent may attend a dispositional hearing addressing the possible termination of his or her parental rights is a matter committed to the sound discretion of the circuit court." Syl. Pt. 10, *State ex rel. Jeanette H. v. Pancake*, 207 W.Va 154, 529 S.E.2d 865 (2000.) *See also In re Stephen Tyler R.*, 213 W.Va. 725, 734, 584 S.E.2d 581, 590 (2003) (stating that "an incarcerated parent who is a respondent to an abuse and neglect proceeding must inform the circuit court in which such case is pending that he/she is incarcerated and request the court's permission to attend the hearing.") Here, the record is devoid of any evidence that petitioner sought permission to attend the dispositional hearing. Hence, we find no error.

For the foregoing reasons, we hereby affirm the circuit court's September 13, 2016, order.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker